UNITED STATES DISTRICT COURT

DISTRICT OF HAWAIʻI

| | |
|---|---|
| BRYAN T. HIGA,<br><br>　　　　Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | CR NO. 06-00395 DKW<br>CV NO. 16-00211 DKW-WRP<br><br>**ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT 28 U.S.C. §2255** |

On May 2, 2016, Higa filed a Motion to Vacate pursuant to 28 U.S.C §2255 (Petition), relying principally on *United States v. Johnson*, 135 S.Ct. 2551 (2015). Dkt. Nos. 118, 119. The Petition was stayed pending decisions in various Supreme Court and Ninth Circuit cases. *See e.g*. Dkt. Nos. 131, 134, 144. On June 24, 2019, Higa moved to lift the stay in light of the Supreme Court's decision in *United States v. Davis*, 139 S.Ct. 2319 (2019). Dkt. No. 147. The Court granted the motion, lifted the stay and ordered supplemental briefing that was completed on August 8, 2019 with both sides waiving oral argument. Dkt. Nos. 152, 154, 155. In his supplemental brief, Higa argues that *Davis*, rather than *Johnson*, mandates vacating his 18 U.S.C. §924(c) conviction. Dkt. No. 152. For the

reasons set forth below, the Court does not agree, and Higa's Petition is therefore DENIED.

## BACKGROUND

On July 27, 2006, the Grand Jury returned an Indictment charging Higa and a co-defendant with (1) conspiracy to commit Hobbs Act Robbery in violation of 18 U.S.C. §1951, (2) Hobbs Act Robbery in violation of 18 U.S.C. §1951, and (3) carrying a firearm in relation to a crime of violence in violation of 18 U.S.C §924(c)(1)(A). Dkt. No. 19. Count 3 of the Indictment specifically alleged that:

> On or about June 1, 2006, in the District of Hawaii, the defendant[], Bryan T. Higa…knowingly and intentionally used, carried, and discharged a firearm…during and in relation to a crime of violence, to wit: Conspiracy to Commit a Hobbs Act Robbery as charged in Count 1 of this Indictment and Hobbs Act Robbery as charged in Count 2 of this Indictment.

On March 20, 2007, Higa pleaded guilty to Counts 1 and 3 pursuant to a written plea agreement. Dkt. Nos. 48-51, 56. The plea agreement contained a statement of facts describing Higa's conduct during the commission of his crimes. *See* Dkt. No. 50, ¶8. It also stated that, in signing the plea agreement, Higa waived his right to challenge his sentence, including through a Section 2255 petition, except in limited circumstances. *Id*. ¶13(a).

On December 3, 2007, the Court granted the Government's Section 5K1.1 Motion for Downward Departure (Dkt. No. 90) and sentenced Higa to 100 months' imprisonment on Count 1 and 120 months on Count 3, terms to run consecutively.

Dkt. No. 97.[1]  Higa has accordingly served his sentence for Hobbs Act Conspiracy and continues to serve his sentence for violation of Section 924(c)(1)(A).  Dkt. No. 147 at 2.  Higa's projected release date is June 14, 2022.  *Id.*

On May 2, 2016, Higa brought his first Motion to Vacate under Section 2255.  Higa's Petition relied on the reasoning in the then-recently-decided *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the residual clause of the Armed Career Criminal Act.  Higa asserted that his conviction on Count 3 was unconstitutional because it was predicated on the similarly-worded residual clause of Section 924(c), entitling him, most plausibly, to immediate assignment to a reduced term of supervised release.  Dkt. No. 119.  After briefing, the Petition was held in abeyance pending resolution of related questions before the Supreme Court in *Beckles v. United States,* 136 S.Ct. 2510 (2016) and *Dimaya v. Lynch,* 803 F.3d 1110 (9th Cir. 2015), *cert. granted*, 137 S.Ct. 31 (2016).  Dkt. Nos. 131, 134.  The Petition was further stayed pending resolution of other cases before the Ninth Circuit addressing questions of the applicability and retroactivity of those decisions.  Dkt. No. 144.

On June 24, 2019, Higa moved to lift the stay on his Section 2255 Petition, arguing that *United States v. Davis*, 139 S. Ct. 2319 (2019), which held that

---

[1] The Court simultaneously sentenced Higa to a concurrent term on a methamphetamine distribution charge under 21 U.S.C. §§841(b)(1)(B) and 846 in *United States v. Higa*, CR07-00104 DAE.

3

Section 924(c)'s residual clause is unconstitutionally vague, required granting his Petition.[2] Dkt. No. 147. The Court agreed to lift the stay without opposition and ordered supplemental briefing from both parties. Dkt. No. 151. Those supplemental briefs having now been filed (*see* Dkt. Nos. 152, 154, 155), and both sides having waived hearing, the Court elects to decide the Petition without a hearing pursuant to Local Rule 7.2(d).

## LEGAL STANDARD

Section 2255 authorizes this Court to "vacate, set aside, or correct the sentence" of a federal prisoner on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. §2255(a). To warrant relief under Section 2255, a prisoner must allege a constitutional or jurisdictional error, or a "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Timmreck*, 441 U.S. 780, 783 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

---

[2]Although originally filed on the basis of *Johnson*, the Court treats Higa's Section 2255 Petition as based on the more-applicable *Davis*, just as the parties have done. *See e.g*. Dkt. Nos. 147, 150.

Section 924(c) generally prohibits the possession, carrying or use of a firearm in relation to a crime of violence and carries a mandatory sentence. At the time of Higa's December 2007 sentencing, the predicate "crimes of violence" for a Section 924(c) conviction were defined by the "elements" or "force" clause, 18 U.S.C. §924(c)(3)(A), and by the (now-unconstitutional) residual clause, 18 U.S.C. §924(c)(3)(B).

*Davis* found Section 924(c)(3)(B)'s "residual clause" to be unconstitutional. In doing so, the Supreme Court invalidated a conviction under Section 924(c) that was predicated on conspiracy to commit Hobbs Act Robbery because it relied on the residual clause's definition of a "crime of violence*.*" *Davis* follows a line of cases that began with *Johnson* finding convictions and sentences under "residual clauses"—clauses that define crimes of violence as crimes that "by their nature" tend to involve violence—unconstitutionally vague.

## DISCUSSION

*Davis* rejected a Section 924(c) conviction that was predicated on Hobbs Act Conspiracy because Hobbs Act Conspiracy can only be defined as a crime of violence under Section 924(c)'s residual clause. *Davis,* 139 S. Ct. at 2325, 2336. Higa argues that his Section 924(c) conviction was likewise predicated on Hobbs Act Conspiracy and is therefore likewise unconstitutional. Dkt. No. 147 at 2. Higa might have been right if his Section 924(c) conviction was, in fact, predicated

5

solely on the Hobbs Act Conspiracy to which he pleaded guilty. The problem for Higa is that his Section 924(c) conviction can also be sustained using the Count 2 Hobbs Act Robbery offense identified in Count 3 of the Indictment as an alternative predicate crime of violence. That is true even though Higa was not convicted of Count 2 and even though Count 2 was dismissed at sentencing. The Ninth Circuit has held that Section 924(c) does not require an underlying or predicate *conviction*, only underlying conduct. *United States v Hunter*, 887 F.2d 1001, 1003 (9th Cir. 1989) ("a defendant charged with violating section 924(c)(1) must be proven to have committed the underlying crime, but nothing in the statute or the legislative history suggests he must be separately charged with and convicted of the underlying offense"). Because Higa nowhere contends that he did not commit a Hobbs Act Robbery, the facts of which he admitted in his plea agreement and during his change of plea hearing, *Davis* does not undermine Higa's Section 924(c) conviction and, for the reasons discussed further below, his Petition is DENIED.

Higa is correct that a conviction under Section 924(c) based on Hobbs Act Conspiracy should properly be vacated following the Supreme Court's ruling in *Davis* that Section 924(c)(3)(B) (the "residual clause") is unconstitutional.[3]

---

[3]Although the Government, at one time, asserted that Higa's Hobbs Act Conspiracy conviction could also serve as the crime of violence predicate under Section 924(c)(3)(A)'s "elements" or "force" clause (*see* Dkt. No. 129 at 18-25), the Government appears to have abandoned that

6

However, the Government correctly argues that Higa's Section 924(c) conviction is not solely based on his conviction for Hobbs Act Conspiracy or by any other offense dependent on the residual clause. Instead, as set forth in Count 3 of the Indictment, Higa's Section 924(c) conviction is also grounded in Count 2's Hobbs Act Robbery charge, which *is* a crime of violence under the unchallenged §924(c)(3)(A) elements or force clause.[4] *United States v. Howard*, 650 Fed. Appx. 466, 468 n. 3 (9th Cir. 2016)("Hobbs Act robbery qualifies as a crime of violence under § 924(c)'s force clause"); *see also* Dkt. No. 154 at 7-8 (same)(compiling cases).

Undeterred, Higa maintains that Hobbs Act Robbery cannot serve as the predicate offense for his Section 924(c) conviction because he was never convicted of Count 2, and because Count 2 was dismissed by the Government as part of his plea agreement at the time of sentencing. *See* Dkt. No. 50 at ¶4; Dkt. No. 94. This argument cannot be squared with Ninth Circuit precedent. In *United States v. Hunter*, 887 F.2d 1001 (9th Cir. 1989), the Ninth Circuit considered whether a

---

contention (*see* Brief for the United States in *Davis*, 2019 WL 629976 at 50) in the face of numerous court decisions to the contrary (*see e.g. United States v. Nguyen*, 2018 WL 3972271 (N.D. Cal. August 2018) at *4). Accordingly, although the Government has not expressly disavowed its 2016 position in this case, the Court will not address the argument further.
[4] In relevant part, Count 3 of the Indictment reads: "On or about June 1, 2006, in the District of Hawaii, the defendants, Bryan T. Higa and Marvin Quemado, Jr. knowingly and intentionally used, carried, and discharged a firearm…during and in relation to a crime of violence, to wit: Conspiracy to Commit a Hobbs Act Robbery as charged in Count 1 of this Indictment *and Hobbs Act Robbery as charged in Count 2 of this Indictment*." Dkt. No. 19 at 4-5 (emphasis added).

Section 924(c) conviction could stand *absent a conviction* for a predicate crime of violence. Specifically, the defendant there contended that "he can be sentenced under Section 924(c)(1) only if he has pled guilty to or been convicted of an underlying crime of drug trafficking or violence." The court responded emphatically: "the language of the section does not suggest this result. We have long held that Section 924(c)(1) defines a separate crime rather than merely enhancing the punishment for other crimes." *Id*. at 1003. *Hunter* further explained that, in order to be convicted under Section 924(c)(1), the defendant only "must be proven to have committed the underlying crime…[as] nothing in the statute or the legislative history suggests he must be separately charged with and convicted of the underlying offense." *Id.* The Ninth Circuit elaborated, "Hunter's admission to the Court that he possessed 88 grams of cocaine and had trafficked in the drug, the government's proffer of proof to that effect, and Hunter's guilty plea were sufficient to establish Hunter's guilt of a drug trafficking offense as an element of the offense under 924(c)(1)" even though he was not separately charged for that crime. *Id.*

Here, Higa has done exactly what Hunter did before him. As part of the plea agreement, Higa admitted that he "exited the Chevy Blazer, approached [the victim's] car in Golden Coin Restaurant parking lot, and discharged one round from the … 9mm pistol…grabbed the case [the victim] was holding which was

8

filled with jewelry by force and against [the victim's] will and fled." Dkt. No. 50, ¶8. Higa's verbal admissions during his March 20, 2007 change of plea hearing were nearly identical: "I went into the Golden Coin . . . And I pulled up in front of the car, I got out, then I fired the gun in the air . . . and I grabbed the case." Dkt. No. 125 at 21. At the same hearing, the Government's attorney described the incident: Higa "discharged one round from the 9-millimeter pistol in order to prevent one of the victims from resisting. And in fact then took the silver case containing the jewelry from him – from his possession against his will and drove away." *Id*. at 24. When asked by the district judge whether these and other facts described by the Government's attorney were true, Higa responded, "Yes." *Id*. at 27. Nowhere does Higa contend that these facts are incorrect or even misleading or are insufficient to establish a Hobbs Act Robbery. Higa instead states only that he was not *convicted* of that crime. However, the factual recitation suffices to establish Higa *committed* Hobbs Act Robbery, regardless of whether he was convicted of it. Under *Hunter*, that is all Section 924(c) requires. *See also Davila v. United States*, 843 F.3d 729, 731 (7th Cir. 2016)(Section 924(c) does not require a conviction for a qualifying predicate offense because the statute only references another crime "for which the person *may be* prosecuted" – "it does not require a prosecution for or conviction of that other offense").

9

Higa also argues impermissible "duplicitousness" in the Indictment because the Government pleaded both the Hobbs Act Robbery and Hobbs Act Conspiracy as predicate crimes of violence for the Section 924(c) charge in Count 3 of the Indictment. Dkt. No. 155 at 4. Because this argument challenges the language of the Indictment itself, Higa has already waived it. Dkt. No. 50 at ¶13; *United States v. Brizan*, 709 F.3d 864, 866-867 (9th Cir. 2013); *see also Tollett v. Henderson,* 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."). Moreover, *Davis* does not newly recognize a right related to defective indictments within the meaning of Section 2255(f)(3) such that Higa can rely on it to make what would otherwise be an untimely Section 2255 argument. In short, whether or not the Government erred by including both Hobbs Act Conspiracy and Hobbs Act Robbery as the basis of the Section 924(c) charge in Count 3 is immaterial in the face of Higa's plea agreement waiver, and *Davis* provides no quarter for a timely collateral challenge to the Indictment on that basis.

Finally, Higa argues for fairness, noting that the Government has always maintained that the predicate offense for Higa's Section 924(c) conviction was Hobbs Act Conspiracy and only now, at the eleventh hour, asserts for the first time

that the Hobbs Act Robbery charge serves the same function. Dkt. No. 155 at 1-2. Higa emphasizes that the Government explicitly stated during the change of plea colloquy that the predicate offense for the Section 924(c) charge was Hobbs Act Conspiracy. *Id*. Higa continues that even as recently as the briefing on the various iterations of this Petition, the Government never suggested otherwise—until now. *Id.*

While the Court acknowledges that the Government has changed course, the Court cannot disregard what the Indictment charged, nor can it disregard the facts to which Higa has admitted, demonstrating his commission of a Hobbs Act Robbery. There is therefore nothing inequitable nor unfair about holding Higa to the crimes to which he has confessed, and, under these circumstances, the Government's change of course is of no moment.

## CERTIFICATE OF APPEALABILITY

In dismissing a Section 2255 petition, the Court must address whether Higa should be granted a Certificate of Appealability ("COA"). *See* R. 11(a), Rules Governing Section 2255 Proceedings. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). This standard is met only when the applicant shows that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve

11

encouragement to proceed further." *Slack v. MacDaniel,* 529 U.S. 473, 483–84 (2000) (internal quotation marks omitted). Based on the above analysis, the Court finds that reasonable jurists could not find the Court's rulings debatable. Accordingly, the Court DENIES issuance of a COA.

## CONCLUSION

*Davis* does nothing to disturb Higa's Section 924(c) conviction, as predicated on Hobbs Act Robbery. As a result, the Court DENIES Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.

IT IS SO ORDERED.

DATED: August 30, 2019 at Honolulu, Hawai'i.

Derrick K. Watson
United States District Judge

---

*Bryan T. Higa v. United States of America*; Criminal No. 06-00395 DKW; Civil No. 16-00211 DKW-WRP; **ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT 28 U.S.C. §2255**